Filed 5/14/15  Sanchez v. S.B.S. Trust Deed Network CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TEODORO SANCHEZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> S.B.S. TRUST DEED NETWORK, <br><br> Defendant and Respondent. | B252967 <br><br> (Los Angeles County <br> Super. Ct. Nos. BC488560, BC461969) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Rita Miller, Judge.  Affirmed.

Law Offices of Tang Kiet and Tang Kiet for Plaintiff and Appellant.

Hershorin & Henry, Lori C. Hershorin and Claudia Mourad for Defendant and Respondent.

_____

Plaintiff Teodoro Sanchez appeals from a judgment entered after the trial court sustained defendant S.B.S. Trust Deed Network's (SBS) demurrer to Sanchez's second amended complaint without leave to amend. The trial court concluded Sanchez's action against SBS for wrongful foreclosure was barred by the three-year statute of limitations. We agree and affirm.

## BACKGROUND

According to Sanchez, SBS is the trustee that handled the foreclosure of Sanchez's real property and sold the property at a trustee's sale on December 23, 2009. As set forth in more detail below, Sanchez filed a prior action (case No. BC426454), naming SBS as a defendant in the original complaint filed on November 20, 2009 before the foreclosure sale, and dropping SBS from the first amended complaint filed on January 15, 2010 after the foreclosure sale (hereafter referred to as the Prior Action). More than three years later, on March 8, 2013, Sanchez named SBS as a defendant in the second amended complaint filed in the current action (case No. BC488560).

**Prior Action (Case No. BC426454)**

On November 20, 2009, Sanchez filed the Prior Action, naming SBS and five others as defendants. Sanchez alleged, in or about November 2008, he discovered a man named Gilberto Lopez had stolen his identity and obtained a $75,000 loan from lender Antalejeff, Inc. The loan, which was secured by a deed of trust against Sanchez's property, was serviced by Capital Benefit Mortgage, Inc. Shortly after learning about the fraudulent loan in his name, Sanchez contacted Capital Benefit Mortgage and Antalejeff, but neither assisted him in resolving the issue. The loan was in default and they wanted to foreclose on Sanchez's property. Sanchez named Lopez, Antalejeff and Capital Benefit Mortgage as defendants in the Prior Action.

Sanchez further alleged foreclosure could not proceed because the deed of trust "securing the fraudulent loan was defective" as originally recorded in that it "was missing the legal description, . . . also known as 'Exhibit A'" to the deed of trust. According to Sanchez, the title insurer for Antalejeff, Lawyers Title Insurance Corporation/Lawyers Title Company (collectively Lawyers Title), "took matters into [its] own hands and

2

unlawfully made the correction through fraudulent notarizations." Lawyers Title, through its title officer Ron Fernando, "directed its regular notary public . . . to sign and certify two blank All-Purpose Acknowledgements, without the physical presence or actual consent of the signing party [Sanchez] in violation of California Civil Code sections 1185(a) and 1189." Sanchez also named the Lawyers Title entities as defendants in the Prior Action.

According to the complaint in the Prior Action, Capital Benefit Mortgage and Antalejeff were able to proceed with the foreclosure now that they had "the unlawfully executed but corrected Deed of Trust." On or about July 22, 2009, a company related to Lawyers Title issued the Notice of Default and foreclosure proceedings commenced. Sanchez contacted Lawyers Title, in addition to Capital Benefit Mortgage and Antalejeff, but received no assistance in resolving the matter. In the complaint, Sanchez described SBS as "the trustee retained by [Capital Benefit Mortgage] to handle the foreclosure" of his property. At the time Sanchez filed the Prior Action, his real property had not yet been sold.

Sanchez explained in the complaint in the Prior Action that he was seeking "injunctive relief and damages for the wrongful foreclosure and prospective loss of his real property as a result of fraud and deception in the procurement and recording of a mortgage against [his] real property." In the same paragraph of the complaint, Sanchez further asserted: "This action is based in part on the Defendants [Capital Benefit] Mortgage's and Antalejeff's wrongful foreclosure process of the subject real property despite their intimate knowledge of the fraud and deceit in the procurement of said loan and underlying deed of trust, all to the Plaintiff's [Sanchez's] detriment. SBS is the trustee directed by [Capital Benefit] Mortgage and Antalejeff to proceed with the trustee's sale of Plaintiff's property." Later in the complaint, Sanchez stated he was seeking "an injunction against SBS to restrain SBS from selling the property at a trustee's sale pending determination by [the] court of all the rights and liabilities of the various parties."

3

Sanchez did not name SBS as a defendant in his class action causes of action for fraud and deceit, unfair and unlawful business practices, and violation of the California Consumer Legal Remedies Act, or his individual causes of action for bad faith denial of insurance claim, intentional infliction of emotional distress, cancellation of trustee's deed, and quiet title. He named SBS, along with all other defendants, in his eighth cause of action, styled as an individual claim for injunctive relief, seeking "a temporary restraining order and preliminary injunction and a permanent injunction against Defendants . . . prohibiting them from taking any action for possession of the property, or prohibiting them from otherwise interfering with Plaintiff's right to quiet enjoyment of the property."

After Sanchez's real property was sold at a trustee's sale to an entity called Enduravest Partners I, LLC (Enduravest), Sanchez filed a first amended complaint in the Prior Action on January 15, 2010, dropping SBS as a defendant and adding Enduravest. Sanchez asserted the same causes of action against the six defendants that he had asserted in his original complaint. He again explained that he was seeking "injunctive relief, equitable relief, and damages for the wrongful foreclosure and transfer of his property despite the actual and constructive knowledge that this foreclosure came as a result of fraud and deception in the procurement of the underlying deed of trust against Plaintiff's property."

Sanchez continued to litigate the Prior Action against the defendants other than SBS. Lawyers Title eventually prevailed on summary judgment. The outcome as to the other defendants is not clear from the record on appeal.

After dropping SBS as a defendant in the first amended complaint filed on January 15, 2010 in the Prior Action, Sanchez did not file another cause of action against SBS until March 8, 2013, when he named SBS in a cause of action for wrongful foreclosure in a second amended complaint in the current action (case No. BC488560), as described below.

4

**Current Action (Case No. BC488560, Consolidated with Case No. BC461969)**

On May 20, 2011, Sanchez filed another action against Lawyers Title (case No. BC461969) asserting class action causes of action for slander of title and unlawful business practices and an individual cause of action for intentional infliction of emotional distress. On July 19, 2012, Sanchez filed case No. BC488560, which named Antalejeff, Capital Benefit Mortgage, Ronald Fernando, Enduravest, and Lawyers Title as defendants, but not SBS. On or about October 26, 2012, the trial court consolidated case No. BC488560 with case No. BC461969, and the latter became the lead case. The matter was assigned to Judge Yvette M. Palazuelos.

On October 31, 2012, the trial court granted defendants' peremptory challenge and the matter was reassigned to Judge Mary Strobel. On December 13, 2012, Judge Strobel recused herself. On January 22, 2013, the matter was reassigned to Judge Rita Miller.[1]

On January 28, 2013, Sanchez filed a motion for leave to file a second amended complaint in case No. BC488560 (hereafter referred to as the Current Action). As reflected in a March 4, 2013 minute order, the parties stipulated to the filing of the second amended complaint and the trial court ordered Sanchez to file it by March 8, 2013. Sanchez filed the second amended complaint in the Current Action on March 8, 2013, naming SBS in the second cause of action for wrongful foreclosure. He asserted 18 causes of action against other defendants.

This operative second amended complaint includes many of the same allegations as the November 20, 2009 complaint in the Prior Action regarding the fraudulent loan and fraudulent correction of the deed of trust. But it includes additional allegations about SBS's involvement. Sanchez alleges Capital Benefit Mortgage and Antalejeff appointed SBS as a successor trustee to handle the foreclosure of Sanchez's property, and informed SBS "the borrower of the loan was a fraud and that they had filed a claim with their title

---

[1] We set forth these facts related to the case reassignment because Sanchez claims he could not file a motion for leave to file a second amended complaint during this reassignment period and therefore the statute of limitations was tolled. This claim finds no support in fact or law as discussed below.

5

company, Lawyers Title." Sanchez further alleges SBS asked Capital Benefit Mortgage and Antalejeff "to have the Deed of Trust amended to include a property legal description, re-notarized and re-recorded so that they could get a TSG [Trustee's Sale Guarantee] to insure them for the foreclosure." According to Sanchez, Capital Benefit Mortgage and Antalejeff "informed Lawyers Title and Fernando of what SBS had asked and were assured that they would amend and re-record the Deed of Trust as asked."

As alleged in the Prior Action, Sanchez alleged in the second amended complaint in the Current Action that Lawyers Title and Fernando "amended the forged Deed of Trust by adding a property legal description thereto, had the thus amended Deed of Trust falsely notarized by a new notary public . . . and fraudulently recorded the thus falsely notarized amended Deed of Trust on July 20, 2009, without the consent of Plaintiff," thereby allowing SBS to proceed with the foreclosure and trustee's sale of the property on December 23, 2009. Sanchez also alleged: "On April 8, 2011, the criminal court issued an order [in a case filed against Gilberto Lopez] voiding both the amended Deed of Trust recorded on July 20, 2009, and the Deed of Trust recorded on November 17, 2008 and ordering that they be considered as if they never existed."[2]

In the wrongful foreclosure cause of action in this second amended complaint, Sanchez alleges: "As Trustee with all the title, power and duties conferred upon them by the Deed of Trust, including the power of sale of the property in the event of default in the repayment of the loan, Defendants SBS and Does 11 to 15, inclusive, had a legally owed duty to Plaintiff, as imposed upon them by the said Deed as well as by law, to abstain from injuring Plaintiff or his property, or infringing upon any of his rights. The Defendants breached this duty when they foreclosed the Deed of Trust and sold Plaintiff's property, knowing full well that the Deed was a forgery and that the borrower of the loan was a fraud."

---

[2] This April 8, 2011 order in the criminal matter against Gilberto Lopez (the man who took out the fraudulent loan) is included in the record on appeal. The order states that Lopez pleaded guilty to unspecified felony charges.

Sanchez further alleged: "At the time Defendants SBS and Does 11 to 15, inclusive, asked Capital [Benefit Mortgage] and Antalejeff to have the Deed of Trust amended, re-notarized and re-recorded . . . they knew that the Deed of Trust was a forgery, that the borrower of the loan was a fraud, and that Capital [Benefit Mortgage] and Antalejeff had filed a claim with their title insurance company, Lawyers Title. Plaintiff did not discover about this fact [*sic*], that Defendants SBS and Does 11 to 15, inclusive, knew about the forgery and fraud, until about December 10, 2012 when the Defendants produced documents to Plaintiff so showing, in response to demands for production of documents propounded by Plaintiff during the discovery process undertaken herein."

SBS demurred to the second amended complaint in the Current Action on multiple grounds, including that the cause of action for wrongful foreclosure is barred by the three-year statute of limitations in Code of Civil Procedure section 338.[3] Sanchez filed an opposition to SBS's demurrer. On August 21, 2013, the trial court heard oral argument on the demurrer and thereafter adopted its tentative ruling sustaining the demurrer without leave to amend. The court concluded Sanchez's wrongful foreclosure cause of action against SBS is barred by the three-year statute of limitations in section 338. On October 3, 2012, the court entered judgment in favor of SBS and dismissed the Current Action with prejudice as to SBS.

**DISCUSSION**

Sanchez contends the trial court erred in sustaining SBS's demurrer to the second amended complaint in the Current Action without leave to amend. We disagree.

In reviewing the trial court's order sustaining the demurrer, "we examine the complaint de novo." (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or

---

[3] Further statutory references are to the Code of Civil Procedure.

7

conclusions of law." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "'We also consider matters which may be judicially noticed.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare*, *supra*, 41 Cal.4th at p. 865.)

"To obtain the equitable set aside of a trustee's sale or maintain a wrongful foreclosure claim, a plaintiff must allege that (1) defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) plaintiff suffered prejudice or harm; and (3) plaintiff tendered the amount of the secured indebtedness or [was] excused from tendering." (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.)

The parties agree Sanchez's cause of action for wrongful foreclosure is governed by the three-year statute of limitations for fraud or mistake in section 338, subdivision (d). In his original complaint in the Prior Action, filed on November 20, 2009, Sanchez alleged the foreclosure proceedings were wrongful and fraudulent and SBS was the trustee handling the foreclosure. SBS sold Sanchez's real property at a trustee's sale on December 23, 2009. Sanchez did not file his wrongful foreclosure cause of action against SBS in the Current Action until more than three years later on March 8, 2013.

Sanchez argues his wrongful foreclosure cause of action against SBS is not barred by the statute of limitations because he "did not discover that [SBS] knew about the forgery and fraud until about December 10, 2012 when the Defendants produced documents to Plaintiff so showing, in response to demands for production of documents propounded by Plaintiff during the discovery process undertaken herein." For the reasons explained below, we conclude Sanchez has misapplied the delayed discovery rule to the facts of this case.

8

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.) "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' [Citations.] Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." (*Id*. at p. 807.) "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." (*Ibid*.) "The discovery rule . . . allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity." (*Ibid*.) The discovery rule applies to causes of action for fraud or mistake. (*Sun 'N Sand, Inc. v. United California Bank* (1978) 21 Cal.3d 671, 701 ["In a long line of cases we have held that a cause of action for fraud or mistake accrues, and the limitations period commences to run, when the aggrieved party could have discovered the fraud or mistake through the exercise of reasonable diligence"].)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'" (*Fox v. Ethicon Endo-Surgery, Inc.*, *supra*, 35 Cal.4th at p. 808.)

9

Sanchez's wrongful foreclosure cause of action against SBS accrued on December 23, 2009, when SBS sold Sanchez's real property.[4] In the original complaint in the Prior Action, filed one month before the trustee's sale, Sanchez alleged the foreclosure proceedings were wrongful and fraudulent and SBS was the trustee handling the foreclosure. Sanchez had three years to discover the depth of SBS's involvement in the fraudulent scheme after being put on inquiry notice.

Sanchez's conclusory allegation in the second amended complaint in the Current Action that he discovered new information on December 10, 2012, which caused him to believe SBS knew about the forgery and fraud does not satisfy the requirements for pleading delayed discovery. He has never described this alleged new information despite having several opportunities to do so. Nor has he asked to amend his complaint to further describe this new information. In any event, the alleged new information is immaterial because Sanchez was aware of sufficient facts at the time of the trustee's sale to put a reasonable person on inquiry notice of a cause of action for wrongful foreclosure against SBS.[5]

Sanchez asserts he could not have filed a second amended complaint in the Current Action between December 13, 2012, when Judge Strobel recused herself and January 22, 2013, when the case was reassigned to Judge Miller. He argues the statute of limitations was tolled during this reassignment period. Sanchez has presented nothing to support this claim. The action was not stayed, and there is no indication he attempted to file a motion for leave to file a second amended complaint during this time, let alone that such a motion was rejected by the trial court.

---

[4] In the first amended complaint in the Prior Action filed on January 15, 2010, Sanchez stated he was aware of the trustee's sale. At the latest, the statute of limitations began to run on January 15, 2010 (in the event Sanchez was unaware of the trustee's sale between December 23, 2009 and January 15, 2010—an assertion he does not make).

[5] Sanchez also argues his wrongful foreclosure cause of action is not time-barred because SBS did not stipulate to clear title to his property until July 13, 2013. This date is irrelevant to *Sanchez's* discovery of his cause of action.

10

For the foregoing reasons, the trial court did not err in sustaining SBS's demurrer to Sanchez's second amended complaint in the Current Action without leave to amend. The wrongful foreclosure cause of action against SBS is barred by the three-year statute of limitations and the defect cannot be cured by amendment.

**DISPOSITION**

The judgment is affirmed. Respondent is entitled to recover costs on appeal.

NOT TO BE PUBLISHED.


                                                        CHANEY, J.


We concur:



        ROTHSCHILD, P. J.



        JOHNSON, J.


11